United States Courts
Southern District of Texas
F I L E D

MAY - 1 2023

Nathan Ochsner, Clerk of Court

THE WB RIDGEWOOD MANOR ESTATE
William Tyrone Willis, TTEE not Individually
℅ 2300 Ridgewood Manor Court
Manvel. Texas. [near 77578]
Without the United States (28 U.S.C. 1746)

district court of the United States (exchequer side)
[28 U.S.C. § 124, 610].
*via passagio*

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**
**IN ADMIRALTY, IN REM**

| | |
|---|---|
| William Tyrone Willis, Trustee not Individually for THE WB RIDGEWOOD MANOR ESTATE.<br><br>Claimant in Interpleader,<br><br>v.<br><br>GUILD MORTGAGE COMPANY, LLC; MCCARTHY & HOLTHUS, LP<br>Defendants, | district court CASE NO.:<br><br>ORIGINAL VERIFIED ACTION IN INTERPLEADER<br><br>Re: 2300 Ridgewood Manor Court Manvel, Texas [77578][LOT 19, BLOCK I, OF POMONA SECTION 5]<br>*A Suit in Equity,*<br>*In Re: All Property and rights in Property* |

Pursuant to 28 U.S.C. §§ 1335 and 1333,  Interpleader, THE WB RIDGEWOOD

MANOR ESTATE, a revocable living trust ("Trust"), as Attorney-In-Fact for William Tyrone

Willis, appearing *In Propria Persona* not Individually to make his Claim in Interpleader

(hereinafter "Interpleader") as the issuer of a "Note" dated May 9th, 2018, which was written in

an amount in excess of $500, is holder of the book entry security interest therein, and for the

purpose of Interpleader disclaims his interest in the securities in exchange for his private

property listed herein, and hereby invokes the *original jurisdiction* of this district court of the

United States in good faith pursuance and reliance upon an Act of Congress set forth in law at 28

U.S.C. § 1335 and the provisions of 50 U.S.C. § 4305(b)(2). In support of this Complaint in

Interpleader, hereby states as follows:

Original Verified Action in Interpleader

## PART ONE. CASE BACKGROUND

1.   On May 9th, 2018, as "issuer" (UCC 8-201), William Tyrone Willis delivered to GUILD MORTGAGE COMPANY ("GUILD") a Promissory Note #218-2003960 (a "Security" defined by 15 USC 78c(10)) in the amount of $420,196.00 (Hereinafter "Note"), wherein his application and signature were exchanged for access to funds.

2.   William Tyrone Willis never waived his rights or immunities and never knowingly, willingly or intentionally gifted, abandoned, donated, or sold the Note and never waived his adverse claim to the security.

3.   William Tyrone Willis was never given a receipt or notice that the Note was accepted or delivered, and never agreed to a stock exchange, swap, barter or off balance sheet withholding of the basis of the transaction.

4.   Without good faith, fair dealings or full disclosure to William Tyrone Willis, GUILD induced him into an undisclosed investment contract disguised as an alleged loan agreement, from which no consideration has been paid to issuer and which has over collateralized the transaction to the injury of William Tyrone Willis.

5.   As evidence that the Note, its value, or proceeds derived therefrom has been pledged into an investment vehicle, William Tyrone Willis has obtained a report that the Note is included in the American Funds Mortgage Fund Symbol: CMFAX - CUSIP: 02630V600 attached hereto as **Annex A.**

6.   The "Recipient" of the Note has not reported any basis in the transaction to the Internal Revenue Service and has at all times maintained the Note "off balance sheet" to not report the capitalization thereof to the detriment of William Tyrone Willis, the issuer and payer.

2

**Original Verified Action in Interpleader**

7.   William Tyrone Willis is now aware, based upon newly discovered evidence that the Recipient has been unjustly enriched and continues to be unjustly enriched by the mismanagement of value received from issuer, its receipt of proceeds and interests, unreported, from the Note, and failure to report the basis of and true nature of the transaction they induced William Tyrone Willis to participate in.

8.   On or about 3/21/2023 Complainant reported the basis of the investment transaction to the IRS by filing form 1099-B, see **Annex B** 2022 FORM 1099-B Proceeds From Broker and Barter Exchange Transactions, Copy B For Recipient.

9.   In a bona fide effort to resolve any outstanding imbalance, reduce the national debt due to the unreported basis and improper withholding, and to stop the unlawful foreclosure action commenced against his private sanctuary, William Tyrone Willis requested a payoff statement from GUILD.

10. The payoff statement balance as alleged by Defendant was $469,414.88 and was thereafter, in abundance of caution and in Honor, was Accepted for Honor in accordance with the Negotiable instruments Act, and bears the evidence of the second signature of William Tyrone Willis exchanged for access to funds, this time with special and restrictive endorsements (See **Annex C** Notice of Acceptance and Payment for Honor with enclosures).

11. The payoff statement, a bill of exchange, was "Accepted for Honor" and signed on the face of the bill pursuant to 40 Stat 411, §7(c) and §8(a); 50 U.S.C. §4305(b)(2); and 12 U.S.C. §95a(2).

12. The back of the bill was endorsed "Pay to the Order of the United States, or bearer" without recourse bearing evidence of the signature of William Tyrone Willis.

13. The basis of this transaction was also reported to the IRS by 2022 FORM 1099-B Proceeds from Broker and Barter Exchange Transactions, Copy B For Recipient; see **Annex C** enclosures.

14. As of the date of this complaint Defendant, GUILD, has not credited William Tyrone Willis' account in the amounts of $420,196.00 or $469.414.88, and both transactions remain in a pending audit and investigation by the Internal Revenue Service.

15. As of the date of this complaint neither Defendants GUILD, nor MCCARTHY HOLTHUS, LP have cancelled the unlawful Trustee Sale ID # TX-23-96593-POS, wherein Defendants GUILD and MCCARTHY HOLTHUS, LP seek to claim the real property as additional unjust enrichment under a scheme to claim said property as an admiralty prize. See 28 U.S.C. § 1333.

16. As of the date of this complaint neither Defendants GUILD nor MCCARTHY HOLTHUS, LP have recorded with the Brazoria county recorder a Release of Lien and Satisfaction of Deed of Trust under the terms of the security interest as required upon payment.

17. Failure to record a release of security interest upon payment through the exchange of like value interests is a trespass and violation of law and the contract obligation of Defendants GUILD and substitute trustee MCCARTHY HOLTHUS, LP.

18. As of the date of this complaint neither Defendants GUILD nor MCCARTHY HOLTHUS, LP have returned to William Tyrone Willis the unaltered accepted bill of exchange citing any defects with it.

19. As of the date of this complaint Defendants GUILD and MCCARTHY HOLTHUS, LP have either kept or stolen personal property or interest therein, made payable to or for the account of the United States. This action establishes that GUILD and its agent MCCARTHY

4

HOLTHUS, LP are participating in embezzlement, grand larceny and breach of public policy by a regulated financial institution withholding interest from the public trust.

20. See Also **Annex D** Billing Error Dispute with Affidavit for Verification which was to be completed by an employee/officer/member of GUILD.

21. As of the date of this complaint only Defendant GUILD provided an answer refusing the correction of the billing errors without a sworn affidavit for verification as a request for admissions. Additionally, Defendant GUILD has refused the tendered consideration as contractual discharge of the obligation pursuant to P.L. 88-243, Uniform Commercial Code 3-603, and Texas Business and Commerce Code Sec. 3.603(b) Tender of Payment leaving zero outstanding obligation.

22. On or around May 1ˢᵗ, 2022, Defendant GUILD delivered "Notice of Delinquency" for Account #218-2003960 against WILLIS, WILLIAM TYRONE.  The NOTICE sought payment to bring the alleged outstanding loan balance current otherwise GUILD would commence foreclosure and trustee sale of the private sanctuary of William Tyrone Willis, located at 2300 Ridgewood Manor Court Manvel. Texas.; seeking an award of *In Rem* property taken as a prize (See 28 USC §1333 (2)).

23. The property subject to said trustee sale is commonly known as: 2300 Ridgewood Manor Court Manvel. Texas. and legally described as follows:

LOT 19, BLOCK I, OF POMONA SECTION 5, AN ADDITION TO BRAZORIA COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILE NUMBER 2017026268, OF THE PLAT RECORDS OF BRAZORIA COUNTY, TEXAS which currently has the address of 2300 RIDGEWOOD MANOR COURT.

24.     Even assuming arguendo that William Tyrone Willis, acting in his proper person has *No Persona Standi in Judicio* due to a presumption of disability as an incapacitated ward, an enemy or a minor without control of his minor securities (31 CFR 363.6), such incapacitation mandates the court to act to jealously guard the property of a ward at its main purpose pursuant to the guidance of CJS and Am. Jur. and American Jurisprudence.

25.     There is no evidence that any party has applied for, or has been approved as the representative payee of William Tyrone Willis by the Social Security Administration.

26.     It is clear from the record between the parties that Custodial accounts and minor investments are held in the custody of Defendant GUILD, and William Tyrone Willis hereby as Claimant in Interpleader pursuant to 28 U.S.C. § 1335 makes his special appearance to the exchequer side of the United States district court seeking protection of his necessities of life and his sanctuary.

27.     Even if the Court recognizes WILLIS, WILLIAM TYRONE as a ward of the Court it cannot charge expenses or deny William Tyrone Willis the benefits of the guardianship.

**PART TWO.  PARTIES**

28.     Interpleader appears, *In Propria Persona*, as the Revocable Living Trust of grantor, William Tyrone Willis, and as Attorney-In-Fact therefore as "Issuer" of a Note described herein and with the intention to disclaim his interest in the Note, made payable to and for the account of the United States in Honor and for the purpose of discharge and acquittal from liability to any interest withheld from the public trust, in exchange for the lawful retention and possession of his home and spiritual sanctuary.

29.     Grantor, William Tyrone Willis, has achieved age of majority and age of termination and has revoked all prior grants and pledges of interest, thus terminating any powers that Defendants may hold in the property as securities intermediary and *guardians de son tort*.

30.     Interpleader as Claimant is in amity with the United States, declares on and for the record his peaceful neutral status with all High Contracting Parties, denies he is an enemy of the United States and denies and terminates any presumption of *No Persona Standi in Judicio* under the Trading with the Enemy Act as a legal disability.

31.     Defendant GUILD is within judicial knowledge and subject to the jurisdiction of the Court. Defendant GUILD is a California limited liability company and Equal Housing Opportunity lender.

32.     Defendant MCCARTHY & HOLTHUS, LP foreclosure trustee and debt collector company subject to the laws of the United States, acting under color of law in the unlawful collection of an alleged debt, *In Rem,* as a bounty and prize.

33.     Defendant MCCARTHY & HOLTHUS, LP a California limited partnership and is acting as a debt collector for GUILD.

34.     WILLIS, WILLIAM TYRONE was the legal identity "person", which prior to the revocation and grant of the Trust, operated under a guardian-ward relationship, and now moves in the nature of his revocable living trust during the life of Grantor, and within judicial knowledge of the court, and no evidence to the contrary exists. WILLIS, WILLIAM TYRONE is treated as a Vessel of the United States under State File Number: 103 71 019964, and insured by the State of Arkansas and the Social Security Administration, now terminated as to its contractual guardianship.

35.     Interpleader is temporarily located upon the lands within the territorial jurisdiction of this Court and specially appears to defend of the property of grantor/beneficiary from those who intend on making the private property their bounty and prize. Interpleader, in actor, *In Propria Persona*, is defined as a "foreign state" 28 U.S.C. §1603(b)(1) and (3) for the purposes of removal jurisdiction (See also 28 U.S.C. §1335 and 1333).

36.     Defendants and their officers continue to seek an award of a maritime prize under fraud in direct violation of the law and constitutional limitations.

37.     Interpleader is aware of parties undisclosed, that need to be joined for appropriate disposition of all matters between the parties. The Joinder parties create undisclosed claims to the disputed property in interpleader, subject to this action including federal questions invoking the district court original jurisdiction. These parties may include the United States in protection of its interests, the Department of the United States Treasury, the Federal Reserve pursuant to FRB Operating Circular 10, Section 12.4, the State of Texas if operating as guardian or guardian ad litem in the case of an infant/ward relationship now rebutted.

38.     Interpleader shall address joinder of parties and facts in support if required by the Court or as their interests or adverse claims may appear.

39.     Interpleader seeks declaratory judgment to satisfy the rights and equitable remedies of the parties until the disclosure and accounting of the personal property, securities and other investments held in the custody of the Defendant GUILD or in the custody or possession of others undisclosed who are acting in breach of duty.

**Part Three. Jurisdiction and Venue**

40.     This Court has *original jurisdiction* pursuant to 28 U.S.C. § 1335 and 1333.

41.     Venue is proper in this Court because Claimant and the real property are located within the judicial knowledge of this district court. The parties holding Interpleader's interests and property, under any theory of law, conduct themselves in the district of this Court and are subjects of its jurisdiction.

42.     This Venue is that of a Court of Equity as set forth in the express intent of the law by 28 U.S.C. § 1335. Interpleader initiates this action with clean hands.

**Part Four. Legal Standard**

43.     This complaint is proper in that district courts shall have original jurisdiction of all matters in the nature of Interpleader. 28 U.S.C. § 1335.

44.     This complaint is proper in that district courts shall have original jurisdiction, *exclusive* of the courts of the States, over any civil case of admiralty or maritime jurisdiction, and any prize brought into the United States and all proceedings for the condemnation of property taken as prize pursuant to 28 USC §1333.

45.     In a Rule 22 Interpleader, there is no jurisdictional requirement of making a deposit of the property in question with the court. *Murphy v. Travelers, Inc.* 534 F.2d 1155 (5th Cir. 1976); *Bauer v. Uniroyal Tire Co.,* 630 F.2d 1287 (8th Cir. 1980).

46.     In interpleader, as most simply defined at 48 C.J.S. Interpleader § 2, p. 38 (1947), one " * * * who owes or is in possession of money or property in which he disclaims any title or interest but which is claimed by two or more persons, prays that the claimants be compelled to state their several claims, so that the court may adjudge to whom the matter or thing in controversy belongs. The office or function of the remedy is to protect one against conflicting claims and double vexation with respect to one liability."

47.     Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A., set out at f.n. 1, supra, was promulgated in 1937 and stands as promulgated except that sub-paragraph (2) was amended, effective October 20, 1949, to reflect the passage of Title 28 U.S.C. into positive law. Professor Moore, in his treatise, notes that Rule 22 " * * * provides the most modern and liberal method of obtaining interpleader to be found." 3 Moore, supra, par. 22.04 at p. 3007. By its own terms Rule 22 is intended to be "in addition to" statutory interpleader "and in no way supersedes or limits" remedies provided under statutory interpleader.

48.     Claimant is now aware of parties in the custody of property and operating a system of records holding rights in property, undisclosed but named herein, that must be joined for appropriate disposition of all matters and adverse claims between said parties, and as they may appear or as they may object to the termination of custodial agreements and disposition of the property now in dispute. *See Rule 22(b).*

49.     The mere fact that the Claimant has a real, reasonable, bona fide fear of exposure to multiple claims or the hazards and vexation of conflicting claims is sufficient to establish an action in Interpleader. *American Fidelity Fire Insurance Co. v. Construcciones Werl, Inc.*, 407 Supp. 164 (D. Virgin Islands 1975) *See also, Underwriters at Lloyd's v. Nichols*, 363 F.2d 357 (8th Cir. 1966). Claimant has a good faith and bona fide fear that the conflicting claims among the adverse claimants to the property set forth herein creates multiple liabilities and losses of property to Claimant and possibly to the United States.

50.     Claimant, as issuer of the Note, was and is entitled to the set off and recoupment as the reported basis of the transaction and may not also suffer a loss of his sanctuary (home). Regardless, the evidence that the Note was pledged to an entity *_separate and distinct_* from debt collector Defendant MCCARTHY & HOLTHUS, LP and the original alleged lender GUILD, is

a bona fide question of fact, and subject to a suit in equity wherein all parties may, through full adjudication and audit, establish their basis, each and every one of them.

51.     The Joinder of known parties, after the audit and confirmation by the IRS as their interests or basis shall appear, are all subject to jurisdiction of this suit in equity under federal questions, diversity, and the original jurisdiction of the district court by operation of law at 28 U.S.C. § 1335 and F.R.C.P. 22.

52.     These additional parties, as their interests may appear, include the United States in protection of the interests of the Trust styled as the UNITED STATES OF AMERICA, the United States Treasury, the Secretary of the Treasury, the Treasurer of the United States Treasury, the Federal Reserve, and the State of Texas, and any adverse claimant operating under the terminated capacity of guardian, guardian ad litem, guardian de son tort, conservator, receiver, custodian, or trustee as shall be discovered by the pending audit by the Internal Revenue Service.

53.     Since an original action in Interpleader creates a Disputed Ownership Fund as set forth in the standing orders of this district court, entities established under the laws of the United States have reportable taxable interests in property held in the premises under Federal EIN identifiers and are located out of this district as it relates to Claimant, creating diversity required under § 1335. Regardless, Interpleader pursuant to Fed. R. Civ. P. 22 does not require diversity.

54.     Claimant shall address joinder of unrelated parties and facts in support as their adverse interests appear through the audit by the Internal Revenue Service. All reporting has been made in good faith with intent to expose any embezzlement by parties adverse to the United States and whistleblower protections now apply to preserve Claimant's rights.

**Part Five. Miscellaneous Certifications**

55.     Pursuant to the Federal Rules of Civil Procedure and the equitable origins of interpleader, Interpleader will promptly serve Defendant's a true and correct copy of the complaint filed in this Court along with an appropriate *Lis Pendens* to preserve his rights in property in his possession pending good faith equity proceedings.

**Part Six. GENERAL BOND**

56.     The court is noticed that a General Bond is concurrently deposited in the custody of the Court, and by this Notice, that all of Interpleader's Interest in the Disputed Ownership Fund created by this action in Interpleader, as well as the 100% stock interest in the United States held by Interpleader which is assigned to and for the Account of the United States in support of termination of any want of *Persona Standi in Judicio* which may exist as a presumed enemy under the Trading with the Enemy Act of 1933. This assignment and delivery of property, including the stock certificate to be deposited with the Clerk of Court in accordance with F.R.C.P. Supplemental Rules, Rule E (5)(b) and Supplemental Rule 7.03(c) (2), (3), for the purposes of indemnification of the herein listed vessel of the United States, conditioned to answer the judgment of the court in all or any actions that may be brought in any such court in which the said vessel or *In Rem* property may be attached.

57.     The transfer of interest in the General Bond, as Property, to the United States shall constitute disclaimer of all underlying securities 26 U.S.C. 2518 and shall be deposited with the Treasurer of the United States. 28 U.S.C. 2041.

58.     Interpleader disclaims all right, title, interest and powers of appointment in any government obligation registered in the name of William Tyrone Willis recorded on the books and records of Defendant GUILD or referenced under Account Number(s) 218-2003960 (CUSIP

#949915474) guaranteed by the government obligation established by State File Number: 103 '71 019964, which has been placed in the custody of the Law in care of the Clerk of Court.

59.    Interpleader consents to the payment from registry funds or disputed ownership funds, refund of purchase price, transfer, reissue, or other disposition by said successor Custodian, after the correct adjustment of basis reporting, for the purpose of (i.) releasing and discharging the undersigned from any liability with regard to the obligation, (ii.) suspending the original trustee's power of alienation of property with regard to the said obligation, and (iii) in return for Interpleader's unlimited beneficial interest and private enjoyment of the property known as: 2300 Ridgewood Manor Court Manvel. Texas.

60.    Interpleader has requested the Secretary of the Treasury to enter the information on the transfer books by delivery of notice of the transfer and the transfer of power of attorney and issuance of CAF Number in the Centralized Authorization File.

**Part Seven. CONCLUSION**

Based upon the information contained within and attached thereto, this district court has ***original jurisdiction*** over Interpleader's claims pursuant to your 28 U.S.C. § 1335 and 1333. Interpleader is therefore entitled to commence an action in this Court.

Wherefore, Interpleader deposits all interests in the custody of the law pursuant to 28 U.S.C. § 1335 and makes his claim in equity for a fair accounting and to audit the unlawful actions of the holders of an invalid security interest in his private sanctuary, seeking equity, and mandating by operation of law that adverse claimants establish, with clean hands, a bona fide proof of claim.

Respectfully Submitted,

May 1ˢᵗ, 2023

THE WB RIDGEWOOD MANOR ESTATE, a revocable living trust, Interpleader

By _____

William Tyrone Willis, *Trustee not Individually.*