United States District Court
Southern District of Texas
**ENTERED**
October 12, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| WILLIAM TYRONE WILLIS, *Trustee not Individually for The WB Ridgewood Manor Estate*,<br><br>  Plaintiff.<br><br>V.<br><br>GUILD MORTGAGE COMPANY, LLC, *et al.*,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:23-cv-00135<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Joint Motion to Dismiss filed by Defendants Guild Mortgage Company LLC ("Guild") and McCarthy & Holthus LLP ("McCarthy & Holthus") (collectively "Defendants"). *See* Dkt. 27. Defendants seek to dismiss the complaint of Interpleader William Tyrone Willis ("Willis") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be **GRANTED**. I also recommend the Court sua sponte dismiss Willis's complaint in interpleader against those remaining defendants who have yet to make an appearance.

## BACKGROUND

Willis instituted this interpleader action on May 1, 2023. The original complaint named only Defendants. *See* Dkt. 1. Pursuant to this Court's procedures, Defendants separately filed letters requesting a pre-motion conference regarding their intention to file a motion to dismiss. *See* Dkts. 16, 18. I gave Willis an opportunity to file an amended complaint to cure any deficiencies alleged by Defendants. *See* Dkt. 19. Willis filed an amended complaint—styled as "First Amended Bill in Equity Interpleader (Verified)"—on August 11, 2023. *See* Dkt. 23. In addition to naming Defendants, Willis also brings suit against (1) Fannie Mae;

(2) the Treasurer of the United States as Agent for the United States Government Under a Gold Contract (the "Treasurer"); (3) the Director of the Administrative Office of the United States Courts (the "AO Director"); and (4) Does 1–50 (the "Doe Defendants"). *See id.* at 1. Willis purports to bring this suit, not individually, but as the trustee or attorney-in-fact for The WB Ridgewood Manor Estate. Defendants jointly move to dismiss.

## LEGAL STANDARD

### A.   RULE 12(b)(1)

Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* FED. R. CIV. P. 12(b)(1). A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when "the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (cleaned up). District courts may dismiss a claim for lack of subject-matter jurisdiction upon consideration of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010) (quotation omitted).

The party invoking jurisdiction has the burden to establish subject-matter jurisdiction. *See McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). In evaluating a Rule 12(b)(1) motion, I accept all well-pleaded factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff. *See Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Where, as here, a Rule 12(b)(1)

2

motion is filed in conjunction with other Rule 12 motions, I must assess the Rule 12(b)(1) jurisdictional issue first. *See id.*

**B.    RULE 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). In analyzing a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). Although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## ANALYSIS

**A.    THIS COURT HAS JURISDICTION OVER THIS DISPUTE**

Willis purports to bring this interpleader action pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. Defendants argue this Court lacks jurisdiction because (1) "[t]he facts do not fit within a traditional interpleader claim"; (2) Willis "does not have standing to maintain this lawsuit because a non-attorney trustee cannot represent a trust *pro se*"; and (3) Willis "has not

sufficiently plead diversity or federal question jurisdiction to maintain a federal interpleader action." Dkt. 27 at 6.

Defendants are correct that the facts here do not fit within a traditional *statutory* interpleader claim under 28 U.S.C. § 1335. But Defendants overlook that "Rule 22 interpleader does not require a 'deposit'; [it requires only] that the requisite diversity of citizenship and jurisdictional amount is present in the instant suit." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976).[1] Federal courts have diversity jurisdiction over cases in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a). Complete diversity means that "no plaintiff can be a citizen of the same state as any defendant." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 530 (5th Cir. 2020).

Willis claims that "[t]he subject matter [of this lawsuit] is a gold contract." Dkt. 23 at 2. As Defendants note, the "gold contract" is actually a mortgage note for a property at 2300 Ridgewood Manor Court ("the Property"). *See* Dkt. 3-1 at 3–6. Willis later alleges that Guild converted this gold contract "into Federal Reserve notes equivalent to $420,196.00." Dkt. 23 at 4. Not coincidentally,

---

[1] There are several differences between statutory and rule interpleader:

> Subject-matter jurisdiction in suits brought under Rule 22(a) is based on the general-federal-question and diversity-of-citizenship jurisdiction grants found in the United States Code. In diversity-of-citizenship cases this means that the amount in controversy must exceed $75,000, exclusive of interest and costs, and that it is plaintiff-stakeholder's citizenship that must be diverse from that of the claimants. On the other hand, the provision governing jurisdiction [28 U.S.C. § 1355] calls for diversity of citizenship between two or more of the adverse claimants and requires that the amount in controversy, which is measured in terms of the value of the stake, need only be $500. The citizenship of the stakeholder is irrelevant for jurisdictional purposes in statutory-interpleader actions. Another subject-matter jurisdiction difference between the two is that rule interpleader requires complete diversity of citizenship between the stakeholder and the claimants; statutory interpleader is satisfied by minimal diversity between or among the claimants.

7 FED. PRAC. & PROC. CIV. § 1703 (3d ed.).

$420,196.00 is the principal amount of Willis's note on the Property. Accordingly, the amount in controversy here is at least $420,196.00. The record shows that Willis is a citizen of Texas, and Willis alleges that Defendants are citizens of California.² *See id.* at 8–9. Thus, Willis and Defendants are completely diverse. These allegations, while not necessarily enough to state a claim, are enough to invoke this Court's federal diversity jurisdiction as to Willis's dispute with Defendants.³ Moreover, to the extent that Willis purports to bring private rights of actions under federal statutes, that is enough to give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").⁴ Accordingly, this Court has jurisdiction over Willis's suit against Defendants.

Defendants are correct that Willis cannot represent a trust *pro se*. But if I look beyond Willis's convoluted legalese,⁵ it is clear that he brings these claims on

---

² Defendants do not contest that they are citizens of California, or that they are diverse from Willis. Nor does it seem that they could. *See Scarbrough v. JPMorgan Chase Bank, N.A.*, No. 4:21-cv-3760, 2022 WL 2373725, at *3 (S.D. Tex. June 2, 2022) ("McCarthy & Holthus, upon court order, submitted its partnership agreement and an affidavit from Mr. Holthus stating the firm's only two partners reside in California. . . . The Court finds McCarthy & Holthus is not a citizen of Texas."); *Hawkins v. Guild Mortg. Co.*, No. SA-20-cv-274, 2020 WL 10056218, at *1 (W.D. Tex. Dec. 16, 2020) ("Guild, a California corporation [has] its principal place of business in California.").

³ Although Fannie Mae has yet to appear, it is well-established that "[f]or diversity purposes, Fannie Mae is a citizen of the District of Columbia." *Cusick v. Fed. Nat'l Mortg. Ass'n as Tr. of Holders of Mortgage-Backed Sec.*, No. 6:17-cv-00177, 2017 WL 11286321, at *2 (W.D. Tex. Sept. 14, 2017). Accordingly, Fannie Mae's citizenship does not change this analysis. Section 1332 does not apply to suits against the United States or its officials, but for the reasons explained below, Willis cannot maintain a suit against the Treasurer of the United States or the Director of the Administrative Office of the United States Courts.

⁴ As explained below, none of the federal statutes that Willis mentions in his complaint create a private right of action.

⁵ For example, Willis argues that "the term 'pro se' . . . relates to an 'individual' that re-presents [sic] a person, which has a separate and distinct meaning tha[n] that of '*In Propria Persona*.'" Dkt. 35 at 1. Not so. *Compare In Propria Persona*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("[Latin 'in one's own person'] (1741) See PRO SE."), *with Pro*

his own behalf. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Coker v. Gore*, 618 F. Supp. 3d 591, 599 (S.D. Tex. 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If I read Willis's complaint indulgently, I see that Willis is the real party in interest, and that this is not an interpleader but a dispute about a mortgage contract. Defendants acknowledge as much by observing that "the promissory note [Willis] designates as a 'gold contract' is a private mortgage loan held by Guild in which Willis is the mortgagor." Dkt. 27 at 9; *see also id.* at 13 ("The Amended Complaint . . . is a thinly veiled disguise for the litany of claims [Willis] himself purports to allege against Defendants."). Because Willis has sufficiently alleged diversity jurisdiction, this case should not be dismissed for lack of jurisdiction.

That said, this case *should* be dismissed for Willis's failure to state a claim.

**B.    WILLIS FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT**

In their joint motion to dismiss, Defendants have generously identified every possible claim that might be discerned from Willis's live complaint, addressing some potential "claims" based on nothing more than a single word. In total, Defendants have identified six possible claims that they argue Willis fails to sufficiently allege: (1) breach of contract; (2) embezzlement; (3) grand larceny; (4) breach of public policy; (5) fraud; and (6) unjust enrichment. I will address each in turn.[6]

### 1.    *Breach of Contract or Wrongful Foreclosure*

Willis alleges that Defendants "unlawfully conducted a Trustee Sale to Defendant FANNIE MAE . . . creating additional unjust enrichment by evading the gold contract through suspended GAAP accounting fraud." Dkt. 23 at 6. Defendants interpret this as a breach of contract claim—specifically, the breach of

---

*Se, id.* ("[Latin] (1817) For oneself; on one's own behalf; without a lawyer . . . Also termed *pro persona*; *in propria persona*; *propria persona*; *pro per*. See PROPRIA PERSONA.").

[6] Because I find that Willis fails to state any cognizable claim, I need not address Defendants' estoppel arguments. *See* Dkt. 27 at 12–13.

Willis's mortgage contract with Guild—and argue that any breach of contract must fail, at a minimum, because Willis "has not alleged his is current on the loan or paid the loan according to its terms." Dkt. 27 at 15. I agree. "In Texas, '[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.—Houston [14th Dist.] 2005, pet. denied)). Because Willis does not allege his performance under the contract, any possible breach of contract claim must fail for this reason.

  I am obliged, however, to generously read Willis's complaint to see if he might be alleging some other cause of action. In this case, there is an argument to be made that Willis is actually alleging wrongful foreclosure. Nevertheless, to the extent Willis is alleging wrongful foreclosure instead of breach of contract, that claim also fails. "In Texas, the elements of a wrongful foreclosure claim are '(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.)). Beyond Willis's fleeting reference to McCarthy & Holthus, as "foreclosure trustee and debt collector" (Dkt. 23 at 9) making a trustee sale to Fannie Mae (*see id.* at 6), Willis makes no other allegations that would support a wrongful foreclosure claim. He does not identify a defect in any foreclosure sale proceedings; he does not state a selling price, much less state that such price was grossly inadequate; and he does not identify a causal connection between the first two elements that he fails to allege. Accordingly, whether construed as a breach of contract or a wrongful foreclosure claim, Willis fails to state a claim against Defendants relating to his mortgage contract with Guild.

7

### *2. Embezzlement, Grand Larceny & Breach of Public Law*

To the extent Willis purports to bring claims of "embezzlement, grand larceny and breach of public law," Dkt. 23 at 6, Defendants argue that these are not private rights of action. I agree. *See Huntington v. Attrill*, 146 U.S. 657, 681, 683 (1892) (describing "breaches of public law" as "crimes" that are "offense[s] against the public," and distinguishing the same from "a grant of a civil right to a private person"); *Lai v. Guller*, No. 3:18-cv-1121, 2018 WL 6174220, at *2 (N.D. Tex. Nov. 7, 2018) ("No private cause of action exists under either of the federal criminal statutes [for embezzlement and grand larceny] on which Plaintiff relies."); *Wilson v. Jackson*, No. 3:14-cv-03748, 2014 WL 6901810, at *4 (N.D. Tex. Dec. 8, 2014) (holding that the "criminal statute [for embezzlement] do[es] not create a private right of action"). Willis cannot state a claim for embezzlement, grand larceny, or breach of public law.

### *3. Fraud*

Willis mentions "fraud" twice in the operative complaint—both times in the context of "GAAP accounting fraud." Dkt. 23 at 5–6. When alleging fraud, Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." This requirement has long played a screening function, standing as "'a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later.'" *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1116 (S.D. Tex. 2020) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009)). In Texas, the elements of fraud are:

> (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.

*Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d

573, 577 (Tex. 2001)). Willis fails to allege that Defendants made any representation to him. Because Willis does not allege a representation, he necessarily cannot allege the remaining elements of fraud. Accordingly, Willis does not state a claim for fraud under Rule 9(b) or Rule 12(b)(6).[7]

### 4. *Unjust Enrichment*

Willis alleges that Defendants "create[d] additional unjust enrichment by evading the gold contract through suspended GAAP accounting fraud." Dkt. 23 at 6. The following general rule from the Texas Supreme Court is informative:

> Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory, with certain exceptions not relevant here. That is because parties should be bound by their express agreements. When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement. Accordingly, . . . there can be no recovery for unjust enrichment if the same subject is covered by the express contract.

*Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (cleaned up). Because Willis's claims concern an express contract—the mortgage contract (which Willis refers to a "gold contract")—and because Willis does not allege any exception to this general rule, he cannot state a claim for unjust enrichment.

### 5. *The Court Should Sua Sponte Dismiss Willis's Claims Against Fannie Mae, the Treasurer, the AO Director, and the Doe Defendants*

In the operative complaint, Willis names Fannie Mae, the Treasurer, the AO Director, and the Doe Defendants as "Joinder Defendants." These defendants appear to have been recently served, though they have yet to appear. *See* Dkts. 28, 32. For the reasons stated above and below, I recommend that Willis's claims

---

[7] Independently, Willis's fraud claim is barred by the economic loss rule, which prohibits tort claims when the parties' relationship and their attendant duties arise from a contract. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." (quotation omitted)).

against each of these remaining defendants be dismissed.[8] Generally, "even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quotation omitted). Fairness requires notice and the opportunity to be heard. *See id*. This report is such notice. Willis's objections to this report, if any, are his opportunity to be heard.

Willis's claims against the Treasurer and the AO Director should be dismissed in the first instance because these officials enjoy sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011) ("[C]laims against officers of the United States in their official capacities are actually claims against the sovereign."). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In the operative complaint, Willis points to no statute suggesting a waiver of immunity as to any of the claims he brings against these United States officials. Accordingly, Willis cannot maintain a suit against the Treasurer or the AO Director.

Even if Willis could maintain a suit against the Treasurer or the AO Director, he fails to state a claim against them—and Fannie Mae—for all the reasons that he fails to state a claim against Defendants.

Nor can Willis maintain a suit against the Doe Defendants. Willis "offers no information to identify the Doe Defendants," and he fails to "provide sufficient information to render it conceivable that discovery would prove successful to

---

[8] In his response brief, Willis refers to American Funds Mortgage Fund as an "adverse claimant." Dkt. 35 at 6. Willis did not name American Funds Mortgage Fund as a defendant in the operative complaint, nor did he request a summons for this entity. Accordingly, American Funds Mortgage Fund is not a defendant in this lawsuit.

10

identify the [Doe] defendants." *Dougherty v. U.S. Dep't of Homeland Sec.*, No. 1:21-cv-154, 2022 WL 3104870, at *6 (S.D. Tex. Aug. 4, 2022), *aff'd as modified* No. 22-40665, 2023 WL 6123106 (5th Cir. Sept. 19, 2023). "Absent any actionable identifying information, [Willis] has failed to state a claim against the Doe Defendants." *Id.*

## CONCLUSION

For the reasons stated above, I recommend Defendants' Joint Motion to Dismiss (Dkt. 27) be **GRANTED**. I also recommend the Court sua sponte dismiss Willis's claims against the Treasurer and the AO Director for lack of jurisdiction, and against Fannie Mae and the Doe Defendants for failure to state a claim.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 12th day of October 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

11