United States District Court
Southern District of Texas

**ENTERED**

October 31, 2023

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| WILLIAM TYRONE WILLIS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | 3:23-cv-135 |
| | § | |
| GUILD MORTGAGE COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On May 17, 2023, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 5. Judge Edison filed a memorandum and recommendation on October 12, 2023, recommending that the defendants' joint motion to dismiss (Dkt. 27) be granted. Dkt. 36. Judge Edison also recommended that the court sua sponte dismiss the plaintiff's claims against the Treasurer of the United States and the Director of the Administrative Office of the United States Courts in their official capacities (the "Federal Defendants"), Fannie Mae, and the unnamed Doe Defendants.

On October 20, 2023, the United States appeared and moved to dismiss the claims against the Federal Defendants.[1]

---

[1] The United States filed its motion on behalf of Janet Yellen, Secretary of the Treasury of the United States, and Rosylnn R. Mauskopf, Director of the Administrative Office of the United States Courts. *See* Dkt. 37 at 1. But the plaintiff sued the Treasurer of the United States, Marilynn Malerba, in her official capacity, not Secretary Yellen. This is of no moment, however, because the United States is the real defendant either way. *See, e.g.*,

On October 26, 2023, the day objections were due, the plaintiff filed a "Motion for Enlargement of Time to Reply to Magistrates [sic] Memorandum and Recommendations (Doc No. 36) Concurrently [sic] with Defendants [sic] Motion to Dimiss [sic]" ("Plaintiff's request for time"). Dkt. 38. The plaintiff's motion did not articulate any reason why he needed extra time to object to Judge Edison's memorandum and recommendation. Rather, the plaintiff requested that the court either strike the United States' motion to dismiss, or issue an order to show cause to the Assistant United States Attorney appearing on behalf of the United States for incorrectly stating that she was moving to dismiss on behalf of the Secretary of the Treasury, as opposed to the U.S. Treasurer. Judge Edison denied the plaintiff's request for additional time. *See* Dkt. 39. The Court will consider the plaintiff's request for time as his objections to Judge Edison's memorandum and recommendation.

In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

---

*Shanklin v. Fernald*, 539 F. Supp. 2d 878, 884 (W.D. Tex. 2008) ("Official capacity suits against federal employees are generally treated as suits against the United States.").

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. It is therefore ordered that:

(1)    Judge Edison's memorandum and recommendation (Dkt. 36) is approved and adopted in its entirety as the holding of the court; and

(2)    The defendants' joint motion to dismiss (Dkt. 27) is granted; and

(3)    The plaintiff's claims against the remaining Federal Defendants, Fannie Mae, and the Doe Defendants are dismissed.

Signed on Galveston Island this 31st day of October, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE